**LYONS SAVINGS AND LOAN ASSOCI-ATION, an Illinois Banking Corporation, Plaintiff,**

v.

**GEODE INC. a/k/a Geode Company, an Arizona General Partnership, E. Rusell Riggs, Betty M. Riggs, Bradford R. Riggs, Anne Riggs, Robert C. Riggs, Sheree Riggs, Thomas S. Davies and Christine Davies, as Individuals, Defendants.**

**No. 85 C 1873.**

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1986.

---

Douglas Drenk, Guerard, Konewko & Drenk, Ltd., Wheaton, Ill., for plaintiff.

William M. Stevens, Barbara Frick, Rooks, Pitts & Poust, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DUFF, District Judge.

This matter comes before the court on Defendants' motion entitled "Motion to Dismiss and/or for Summary Judgment on Plaintiff's First Amended Complaint or, in the Alternative, to Transfer to Arizona".

### FACTS

This action arises from a loan plaintiff Lyons Savings and Loan Association ("Lyons") made to defendant Geode Company ("Geode"). Lyons is an Illinois banking corporation. Geode is a general partnership organized under the laws of and doing business in Arizona. The partnership is comprised of defendants E. Russell Riggs, Betty M. Riggs, Bradford Riggs, Anne Riggs, Robert Riggs, Sheree Riggs, Thomas S. Davies and Christine Davies. These defendants are all citizens and residents of Arizona.

According to the affidavits submitted, the negotiations for this loan were initiated in 1983, after Geode failed to close on a contract for the sale of Arizona property to Michael C. Birnkrant (not a party to this action). Michael B. Farrington, Vice President of BA Mortgage of Chicago, arranged the financing by Lyons for that transaction. When the sale to Birnkrant failed, Mr. Farrington obtained Lyons' approval to offer the financing package to Geode.

Lyons prepared a loan commitment, dated September 23, 1983, signed by Laurance B. Miller, Chairman of Lyons, for acceptance by Geode. Mr. Farrington presented the loan commitment to Geode at a meeting in Maricopa County, Arizona, on September 28, 1983. Geode accepted the loan commit-

ment subject to additional terms set forth in Geode's September 28, 1983 letter. This letter and the acknowledgment by Farrington on the face of the loan commitment evidence Geode's intent not to go forward if Lyons did not accept Geode's additional terms. It is clear that no contract was formed until Lyons accepted those terms on October 3, 1983 in Illinois.

The transaction was closed in Arizona and the Note evidencing the loan is dated November 7, 1983. The Note, drafted by Lyons, states that payment is to be made to an Illinois corporation, that interest, to be charged in the event of default, is to be at a rate charged by Continental Illinois Bank and Trust Company of Chicago or First National Bank of Chicago and that the rights and obligations of the parties are to be governed by the laws of the State of Illinois.

A dispute has arisen between the parties as to Lyons' interest in the proceeds from the sale of the property. Geode filed suit for declaratory relief in Arizona on February 22, 1985. Lyons filed suit in the Circuit Court of DuPage County, Illinois, on February 25, 1985. The DuPage action was removed to this court on March 3, 1985. On July 25, 1985, the United States District Court, District of Arizona, denied Lyons' motion to dismiss for lack of personal jurisdiction and stayed further proceedings pending this court's ruling on the motion presently at issue.

## DISCUSSION

■ Defendants argue that this court has no personal jurisdiction over them since they are not subject to Illinois long-arm jurisdiction and since they do not have sufficient "minimum contacts" with the state of Illinois to satisfy due process. The Illinois long-arm statute confers jurisdiction over non-residents who transact business within the state.[1] A single act may be

enough to find that business was transacted within the state if that act forms the basis of plaintiff's claim. Plaintiff's claim must "lie in the wake" of the commercial activities by which it is alleged that defendant submitted to the jurisdiction of Illinois courts. *Financial Management Services, Inc. v. Sibilsky and Sibilsky, Inc.*, 130 Ill.App.3d 826, 86 Ill.Dec. 100, 474 N.E.2d 1297 (1st Dist.1985).

In *Financial Management*, the Illinois appellate court found that Michigan residents were subject to Illinois jurisdiction where they had executed, in Michigan, a power of attorney which gave plaintiff's general manager authority to execute a promissory note. The note was entered into in Illinois and payment was to be made to an Illinois corporation. Similarly, the agreement between Geode and Lyons was formed in Illinois when Lyons accepted the conditions to the loan commitment submitted by Geode. The funds loaned to Geode came from Lyons in Illinois and Geode was obligated to make payments to Lyons in Illinois. As in the *Financial Management* case, these defendants are subject to Illinois long-arm jurisdiction.

Jurisdiction in the *Financial Management* case was also sustained on due process grounds and should likewise be sustained here. Subjecting the Geode defendants to Illinois jurisdiction does not offend the "traditional notions of fair play and substantial justice" set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Geode has purposefully availed itself of the privilege of conducting business in Illinois by borrowing funds from an Illinois corporation. Geode was aware that the pertinent documents were prepared in Illinois on Lyons' stationery. The provisions of the Note, particularly paragraph 3.9 which provides for Illinois law to govern, should

---

1. Sec. 2–209. Act submitting to jurisdiction— Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal repre-

sentative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

  (1) The transaction of any business within this State;

110 Ill.Rev.Stat. § 2–209

have alerted defendant to the likelihood of litigation in Illinois.

 Defendant also argues that this matter should be dismissed because the Arizona action was filed first and the Illinois Code of Civil Procedure provides for dismissal of a case where "there is another action pending between the same parties for the same cause." Ill.Rev.Stat. ch. 110, § 2–619(a)(3). Application of the Illinois statute, however, does not turn on the time of filing of the complaint.

The statute which preceded § 2–619(a)(3) was discussed by the Illinois Supreme Court in *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill.2d 229, 49 Ill.Dec. 276, 417 N.E.2d 1290 (1980). The court stated that the statute and the doctrine of *forum non conveniens* were interrelated procedural devices to be used together when an action is pending in another forum. The court went on to state that the relevant filing times of the two pending actions is not determinative and that the trial court has the discretion to proceed with an Illinois action, as long as the litigation has a "legitimate and substantial" relation to Illinois. The litigation here has a legitimate and substantial relation to Illinois. The contract was formed in Illinois and plaintiff loaned approximately $8,000,000.00 of Illinois money to the defendant.

As the *Staley* court indicated, § 2–619(a)(3) is interrelated with the doctrine of *forum non conveniens*. Considerations of *forum non conveniens* are applied in the federal courts through 28 U.S.C. § 1404 which is the basis of defendant's motion to transfer this matter to Arizona. Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Defendant argues that this matter should be transferred to Arizona because many of the events which are the subject of this litigation occurred in Arizona and because of the ill health of the principal defendant. Transferring this case to Arizona, however, would only shift the inconvenience to the plaintiff. While the court is concerned for the well-being of defendant E. Russell Riggs, it is believed that this can be accommodated through the use of depositions, if necessary.

The facts in this case militate against dismissing this action under the Illinois Code of Civil Procedure or transferring this case under the federal change of venue statute. The only non-party witness lives and works in Illinois and the documents pertaining to the transaction were drafted in Illinois. The contract was formed in Illinois and the $8,000,000.00 left Illinois for the loan to Geode. It is also apparent from the language of the agreement that the parties contemplated an Illinois forum. Therefore, the interests of justice would best be served by litigating this matter in Illinois.

For these reasons, defendants' motion to dismiss or, in the alternative, to transfer to Arizona is denied.