**Jeffrey B. SCHWARTZ, Plaintiff,**

v.

**YO–WHIP, INC., f/k/a Helpful Products, Inc., and Marshall Swerman, Defendants.**

**No. 92 C 2586.**

**United States District Court, N.D. Illinois, E.D.**

**July 30, 1992.**

---

Michael Sweig Mendelson, Jay Hilton Mittelstead, Jr., McConnell & Mendelson, Chicago, Ill., for plaintiff.

Michael Swerman, Studio City, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Yo–Whip, Inc., f/k/a Helpful Products, Inc. ("Yo–Whip") and Marshall Swerman, Yo–Whip's president, have moved to dismiss the complaint brought by Jeffrey B. Schwartz or, alternatively, to transfer the suit to the Central District of California. As detailed herein, however, we find that this court has personal jurisdiction over the defendants, and that transferring the case would merely shift the relative inconvenience in this matter to Schwartz. Accordingly, the motion to dismiss or to transfer is denied.

▨ We derive the following facts, unless otherwise noted, from the affidavit submitted by Schwartz. Defendants' failure to file a similar affidavit (or indeed a reply of any kind)[1] is for the most part irrelevant, since, in the context of a personal jurisdiction inquiry, the plaintiff's affida-

---

1. Yo–Whip's motion for an extension of time to file its reply brief, taken under advisement by this court on July 24, 1992, is denied.

vit is used to resolve all conflicts. *Sidley & Austin v. Hill,* 763 F.Supp. 366, 367 (N.D.Ill.1991) (citing cases).

Swerman and co-defendant Kathleen Dalziel Miller formed Helpful Products, Inc. (later Yo–Whip) in 1986. Yo–Whip was at all times pertinent to this motion a citizen of California. Motion Exh. A, ¶ 5. The company developed, manufactured, marketed and sold whipped yogurt products. In 1986, 1987, and 1988, Swerman and Miller sought and received three different loans from Schwartz, an Illinois citizen. Promissory notes for all three loans were sent to Swerman in Illinois. In July 1988, Schwartz introduced Swerman and Miller to investors and investment bankers in the Chicago area; the two were in Illinois to discuss with Schwartz loan repayment details. Swerman apparently returned to Chicago later that month to again meet with prospective investors. From mid–1986 through 1989, Swerman and Miller called Schwartz in Illinois regarding the loans in question, and occasionally "mailed, messengered, faxed, courriered or shipped to Schwartz at his home or place of employment Yo–Whip product samples and written information regarding Yo–Whip." Response at 5 (citing Schwartz affidavit).

■ The permutations of personal jurisdiction have been discussed by this court in at least two recent opinions. *See Sidley & Austin,* 763 F.Supp. 366; *see also Publications Int'l, Ltd. v. Simon & Schuster, Inc.,* 763 F.Supp. 309 (N.D.Ill.1991). An Illinois federal district court has personal jurisdiction over parties in a diversity action only if an Illinois state court would have such jurisdiction. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 279 (7th Cir.1990); *Turnock v. Cope,* 816 F.2d 332, 334 (7th Cir.1987). Nonresident defendants like Yo–Whip and Swerman may be sued in Illinois if "the minimum contacts with Illinois that due process requires are present." *FMC Corp. v. Varonos,* 892 F.2d 1308, 1310 (7th Cir. 1990); *see also Morgan v. GTECH Corp.,* No. 90 C 238, 1990 WL 251900, slip op. at 10 (N.D.Ill. Dec. 18, 1990) (1990 U.S.Dist. LEXIS 17,252).[2]

Thus, we have personal jurisdiction over Yo–Whip and Swerman if they have "certain minimum contacts" with Illinois "such that the maintenance" of Schwartz' suit "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)); *see also World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). It is "foreseeability," and not physical presence, that is critical; the due process analysis entails a determination of whether Yo–Whip and Swerman's "conduct and connection with the forum State are such that [they] should reasonably anticipate being haled into court there." *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567; *see also Heritage House Restaurants,* 906 F.2d at 283. Contacts with Illinois that are "random" or merely "fortuitous" will not be sufficient to "establish that exercise of [Illinois'] jurisdiction was foreseeable" to defendants. *Heritage House Restaurants,* 906 F.2d at 283 (citation omitted).

■ In other words, the minimum contacts requirement is satisfied if there is "'some act by which the defendant[s] purposefully avail [themselves] of the privilege of conducting activities within the forum State.'" *FMC Corp.,* 892 F.2d at 1313 (quoting *Jacobs/Kahan & Co. v. Marsh,* 740 F.2d 587, 592 (7th Cir.1984)). Clearly,

---

**2.** Illinois amended its long-arm statute effective September 7, 1989, to make its reach "co-extensive with minimum due process requirements." *FMC Corp.,* 892 F.2d at 1311 n. 5. The relevant section now states that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution or the Constitution of the United States." Ill.Ann. Stat. ch. 110, para. 2–209(c) (Smith–Hurd 1983 & 1992 Supp.). Amended § 2–209(c) eliminates the need to employ the peculiar two-pronged inquiry used prior to 1989. *See Publications Int'l, Ltd.,* 763 F.Supp. at 311 n. 3. Schwartz nonetheless urges that we employ the bifurcated analysis, Response at 6 ("[o]nce it has been determined that jurisdiction exists under the long-arm statute, the court may exercise jurisdiction if doing so would not violate constitutional due process[ ]"), but that framework is no longer necessary.

Yo–Whip and Swerman are subject to the jurisdiction of an Illinois court (and thus a federal court sitting in Illinois) because of the loans from Schwartz, other contacts made through Schwartz in the Chicago area, and the numerous communications between the parties through the mail and over the telephone lines. *See Heritage House Restaurants,* 906 F.2d at 281; *Lyons Sav. & Loan Ass'n v. Geode, Inc.,* 626 F.Supp. 1141, 1142–44 (N.D.Ill.1986). Further, defendants initiated the contact in question, and those acts made it reasonably foreseeable that they could be subject to the jurisdiction of an Illinois court. *Sidley & Austin,* 763 F.Supp. at 368.

■ Finally, transferring this case to the Central District of California would only "shift the inconvenience to the plaintiff." *Geode,* 626 F.Supp. at 1144. Transferring venue under 28 U.S.C. § 1404(a) (1988) is proper "[f]or the convenience of parties and witnesses, [and] in the interest of justice...." As Schwartz points out, the various loans and other contacts and communications took place while Schwartz was in Illinois. Schwartz and defendants are the only witnesses, and banking records are present in Illinois as well as in California. We decline to transfer the case.

Yo–Whip and Swerman's motion to dismiss for lack of personal jurisdiction, or, alternatively, to transfer this suit to the Central District of California, is denied. It is so ordered.